UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KOVIACH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2874** |
| **CRESCENT CITY CONSULTING, LLC, ET AL** | **SECTION: "E" (4)** |

## ORDER

Before the Court is a **Second Motion to Compel, or Alternatively, Motion to Strike Any Witnesses Not Produced for Deposition (R. Doc. 41)**, filed by Plaintiffs, seeking an Order to compel Defendants to either produce for depositions individuals identified in Defendants' initial disclosures or aid in coordinating service of deposition subpoenas. R. Doc. 41, p. 1. Alternatively, Plaintiffs request that any individual that is not produced be barred from offering evidence or testifying at trial. *Id.* at 2. The motion is opposed. R. Doc. 43.

### I. Background

This collective complaint was filed pursuant to the Fair Labor Standards Act ("FLSA"). R. Doc. 1, p. 1. Charles Koviach and Henry McCathen brought the action individually and on the behalf of similarly situated security personnel against Crescent City Consulting, LLC, which is a private security company, and Marlon Defillo, its owner. *Id.* at 3. Plaintiffs allege that Defendants failed to pay them and similarly situated employees overtime wages for hours they worked in excess of forty each week. *Id.* at 5. An additional Plaintiff, Philip Thomas, was added on May 22, 2015.

Koviach and McCathen claims that although they were classified as "independent contractors" they were treated as employees because Defendants retained complete control over when and where they performed their jobs. *Id.* at 6. Plaintiffs seek to recover for unpaid overtime, liquidated damages, statutory penalties, attorneys' fees, and costs pursuant to the FLSA. *Id.* at 9.

As to the instant motion, Plaintiffs argue that Defendants have refused to produce individuals identified in their initial disclosures or assist in serving deposition subpoenas. R. Doc. 41-1, p. 1. In particular, Plaintiffs contend that their process server attempted to serve Mary Roper, who does scheduling and payroll preparation for the company. However, service was not effected because Roper no longer lived at the address provided in initial disclosures *Id.* at 2. Thereafter, Plaintiffs requested and Defendants provided a new address for Roper but Plaintiffs have not issued a subpoena with the updated address. Nonetheless, Plaintiffs argues that Defendants continue to refuse to: (1) produce any of the individuals[1], (2) aid in scheduling depositions, or (3) provide correct addresses. *Id.* at 1.

In response, Defendants argues that they are not required to produce the individuals for deposition because: (1) they are independent contractors and thus not under their control, and (2) because Plaintiffs have cell phone numbers and last known addresses for the individuals, they can confirm their addresses and arrange service themselves. R. Doc. 43, p. 3-5.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

---

[1]Besides Roper, the other individuals are Marlon Defillo III, Joseph Ratleff Jr., Lionel Battiste, and Renic Palmer who are all identified as "supervisors" on Defendants' initial discourse.

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1).

### III.   Analysis

Plaintiffs contend that Defendants are required to produce individuals for deposition listed as "supervisors" in their initial disclosures because they are employed by Defendants and under their control. R. Doc. 41-1, p. 1, 3. Further, Defendants should assist in coordinating service of the subpoenas. In particular, Plaintiffs argue that they issued a deposition subpoena to Mary Roper after Defendants refused to produce her. However, Plaintiffs' process server was unable to serve Roper because the address listed was outdated. *Id.* at 2. Defendants' counsel later provided an updated address for Roper which reveals that she now lives in Houma, Louisiana. *Id.* at 3. Plaintiffs further contend that Defendants should barred from offering evidence or testimony of any individual that is not produced by Defendants.

In opposition, Defendants argue that the supervisors are independent contractors and thus they are not required to produce them. Defendants further argue that Plaintiffs have cell phone numbers and last known addresses for each of the individuals and they, without Defendants' assistance, can call to confirm addresses and schedule depositions. *Id.* at 5.

The submission of both parties argues whether the individuals were independent contractors or Defendants' direct employees. However, such a determination is not required for the instant motion. During oral argument, Plaintiffs' counsel confirmed that Defendants' counsel gave her an updated address for Roper after Plaintiffs' process server was unable to effect service because she moved and did not provide a forwarding address. However, Plaintiffs' counsel conceded that she has not attempted to serve Roper at the updated address. Further, counsel conceded that she has not attempted to service the other individuals.

After listening to the argument of each party, the Court ruled that Plaintiffs' instant motion is premature as Plaintiffs have not attempted to serve Roper at her updated addresses and no attempt has been made to serve the other individuals at their last known address which was provided in Defendants' initial disclosures. The Court also denied Plaintiffs' request to strike any witness not produced for deposition because it is unclear at this point in the litigation whether the individuals that Plaintiffs seek to depose are within Defendants' control.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Second Motion to Compel, or Alternatively, Motion to Strike Any Witnesses Not Produced for Deposition (R. Doc. 41)** is **DENIED**.

New Orleans, Louisiana, this 5th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**