UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KOVIACH, ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2874** |
| **CRESCENT CITY CONSULTING,<br>LLC, ET AL.**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' motion to conditionally certify a collective action under the Fair Labor Standards Act and to facilitate notice under 29 U.S.C. § 216(b).[1]

## BACKGROUND

This is a collective action filed by Plaintiffs Charles Koviach, Henry McCathen, Jr., and Phillip Thomas (collectively, "Plaintiffs") under the Fair Labor Standards Act of 1938 ("FLSA").[2] Plaintiffs filed this suit on December 18, 2014, on behalf of themselves and all other similarly situated individuals who were employed as security officers by Defendant Crescent City Consulting, LLC ("Crescent City").[3] Defendant Marlon Defillo is the president of Crescent City.[4] Plaintiffs allege Defendants failed to pay overtime wages for time Plaintiffs worked in excess of 40 hours per week in violation of the FLSA.[5]

Plaintiffs allege Defendants failed to comply with the law "by implementing a management policy, plan, or decision that intentionally provided for the compensation of Plaintiffs and FLSA Collective Plaintiffs as if they were exempt from coverage under 29

---

[1] R. Doc. 25.
[2] 29 U.S.C. § 201 *et seq.*
[3] R. Doc. 7; R. Doc. 57.
[4] R. Doc. 26-1 at ¶ 2.
[5] R. Doc. 7.

1

U.S.C. §§ 201 through 219, disregarding the fact that they were not exempt."[6] Plaintiffs further allege Defendants did not maintain proper time records as mandated by the FLSA.[7] Plaintiffs seek to recover unpaid overtime wages, liquidated damages, statutory penalties, and attorney's fees and costs.[8]

On September 18, 2015, Plaintiffs filed a motion to conditionally certify under the FLSA.[9] Defendants filed a response in opposition to the motion on October 1, 2015, arguing that "Plaintiffs failed to meet their burden because Plaintiffs' pleadings and declarations are broad and vague and fail to define the scope of the class for which they request class certification."[10] Plaintiffs filed a reply in support of their motion on October 6, 2015.[11]

After a status conference with the parties, the Court granted Plaintiffs an opportunity to file a supplemental memorandum to clarify the scope of their proposed collective class.[12] Plaintiffs filed a supplemental memorandum on April 1, 2016.[13] Plaintiffs request that the Court conditionally certify the following collective class:

> All non-law enforcement personnel, who, since December 2011, previously worked or currently work for Defendants in the State of Louisiana as a security officer (guard) and were not paid a rate of time and one-half for overtime worked in excess of 40 hours in any week, regardless of classification as an independent contractor.[14]

Defendants filed a supplemental memorandum in opposition on April 7, 2016.[15]

---

[6] *Id.* at ¶ 59.
[7] *Id.* at ¶ 60.
[8] *Id.* at ¶ 20.
[9] R. Doc. 25.
[10] R. Doc. 26 at 8.
[11] R. Doc. 31.
[12] *See* R. Doc. 48.
[13] R. Doc. 57. Plaintiffs filed a supplemental memorandum on April 1, 2016, to clarify the scope of their proposed collective class.
[14] *Id.* at 3.
[15] R. Doc. 58.

**STANDARD OF LAW**

Section 207(a) of the FLSA requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours.[16] Courts construe the FLSA "liberally in favor of employees, and exemptions are to be narrowly construed against the employers seeking to assert them."[17] Under the FLSA, an employee may bring an action on "behalf of himself . . . and other employees similarly situated" to recover unpaid wages, liquidated damages, and attorney's fees from an employer in violation of the Act.[18] While the FLSA applies to employees, it does not apply to independent contractors.[19]

Unlike Rule 23 class actions, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to affirmatively opt in to the action.[20] "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs."[21] Notice must be "timely, accurate and informative."[22]

When deciding whether to certify a collective action, the Court must determine whether the members of the putative collective class are sufficiently "similarly situated" such that the Court should circulate notice to potential class members and provide them

---

[16] 29 U.S.C. § 207(a). *See also McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 424–25 (5th Cir. 2006) ("The Fair Labor Standards Act of 1983 establishes the general rule that employees must receive overtime compensation at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek.").
[17] *Id.* at 424.
[18] 29 U.S.C. § 216(b).
[19] *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008).
[20] *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008); *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. 11-2777, 2012 WL 5472302, at *1 (E.D. La. Nov. 9, 2012); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007).
[21] *Lopez v. Hal Collums Constr.*, LLC, No. 15-4113, 2015 WL 7302243, at *4 (E.D. La. Nov. 18, 2015) (quoting *Lima*, 493 F. Supp. 2d at 797).
[22] *Lima*, 493 F. Supp. 2d at 797 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)).

3

with an opportunity to opt in to the case.[23] The FLSA does not define "similarly situated."[24] In *Mooney v. Aramco Services Co.*,[25] the Fifth Circuit recognized that courts have followed two approaches—one set forth in *Lusardi v. Xerox Corporation*[26] and the other in *Shushan v. University of Colorado at Boulder*[27]—when evaluating whether putative class members are "similarly situated" and whether notice should be given.[28] Although the Fifth Circuit has not endorsed a particular approach,[29] district courts commonly follow the two-stage *Lusardi* approach, as will this Court.[30]

The first *Lusardi* step is the "notice stage," in which the Court is charged with deciding whether to grant "conditional certification" and issue notice to potential members of the putative collective class.[31] This determination is typically made on the basis of only the pleadings and any affidavits.[32] At the notice stage, the burden is on the plaintiff to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those

---

[23] *See* 29 U.S.C. § 207(a).
[24] *See* 29 U.S.C. § 207; *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 573 (E.D. La. 2008).
[25] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).
[26] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).
[27] *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).
[28] *Mooney*, 54 F.3d at 1213–14.
[29] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518–19 (5th Cir. 2010) ("We have not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action.").
[30] *See, e.g., Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (noting that the *Lusardi* approach is "the more common approach and routinely used by courts in this District"); *Lima*, 493 F. Supp. 2d at 797; *Williams v. Bally's Louisiana, Inc.*, No. 05-5020, 2006 WL 1235904, at *2 (E.D. La. May 5, 2006) ("[A] consensus of courts apply a two-step analysis for conditional certification . . . ."); *Badgett v. Texas Taco Cabana, L.P.*, No. 05-3624, 2006 WL 2934265, at *1 (S.D. Tex. Oct. 12, 2006) ("While the Fifth Circuit has not endorsed a particular method for this process, the more commonly used method, and the one utilized by other courts in the Southern District of Texas, is the "two-stage" *Lusardi* method."); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 509 (M.D. La. 2005); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004).
[31] *Chapman v. LHC Grp., Inc.*, No. 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015).
[32] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n.2 (5th Cir. 2008); *Chapman*, 2015 WL 5089531, at *5 (citing *Mooney*, 54 F.3d at 1213–14).

individuals want to opt in to the lawsuit."[33] "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class."[34] Generally, courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ."[35] While the burden is lenient, however, certification is not automatic.[36] "[G]eneral allegations that the employer violated the FLSA are insufficient."[37]

If the Court grants conditional certification, the case proceeds through discovery as a collective class action to the "merits stage," during which the defendant may move for decertification of the class.[38] At the merits stage, the court applies a three-factor test, "considering (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns."[39] The court then "makes a factual determination on the similarly situated question."[40] "If the claimants are similarly situated, the district court allows the representative action to proceed to trial."[41] If the claimants are not similarly situated, the court dismisses the claims of the opt-in plaintiffs without prejudice, and the class representatives proceed to trial on their individual claims.[42]

---

[33] *Chapman*, 2015 WL 5089531, at *5. *See also Morales v. Thang Hung Corp.*, No. 08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009).
[34] *Mooney*, 54 F.3d at 1214 (internal quotation marks omitted).
[35] *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). *See also Skelton v. Sukothai, LLC*, 994 F. Supp. 2d 785, 787 (E.D. La. 2014).
[36] *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *3 (E.D. La. June 13, 2013).
[37] *Melson v. Directech Sw., Inc.*, No. 07-1087, 2008 sWL 2598988, at *4 (E.D. La. June 25, 2008).
[38] *Chapman*, 2015 WL 5089531, at *6 (citing *Mooney*, 54 F.3d at 1214).
[39] *Id. See also Johnson*, 561 F. Supp. 2d at 573–74.
[40] *Mooney*, 54 F.3d at 1214.
[41] *Id.*
[42] *Id.*

5

**DISCUSSION**

I.   Conditional Certification of the FLSA Collective Action

The three named plaintiffs and the opt-in plaintiff each provided a sworn declaration in which they state they were employed by Defendants and worked as security guards.[43] Each plaintiff was paid $11 per hour, and, although they "routinely worked for Defendants for more than 40 hours per week," they were not paid overtime wages for hours worked in excess of 40 hours per week.[44] Plaintiffs state they were each classified as "independent contractors" rather than employees and, as a result of this "misclassification," Defendants were allowed to circumvent the requirements of the FLSA,[45] as the FLSA applies to employees but not to independent contractors.[46]

Defendants argue Plaintiffs and the members of the proposed collective class are independent contractors and thus are not covered under the FLSA.[47] In their supplemental opposition, Defendants contend that "[c]ommissioned officers performing guard work duties are independent contractors, but certified security guards want to carve out an exception and are requesting to be certified as employees entitled to overtime."[48] Defendants do not contest that Plaintiffs and the putative collective class members were employed by Defendants as security officers or guards, worked more than 40 hours per week on at least some occasions, and were not paid overtime for hours worked in excess of 40 hours per week.[49]

---

[43] *See* R. Doc. 25-2 at ¶ 2; R. Doc. 25-3 at ¶ 2; R. Doc. 25-4 at ¶ 2; R. Doc. 25-5 at ¶ 2.
[44] *See* R. Doc. 25-2 at ¶ 5, 20, 21; R. Doc. 25-3 at ¶ 5, 20, 21; R. Doc. 25-4 at ¶ 5, 20, 21; R. Doc. 25-5 at ¶ 5, 20, 21. *See also* R. Doc. 57-8.
[45] *See* R. Doc. 25-2 at ¶ 21; R. Doc. 25-3 at ¶ 21; R. Doc. 25-4 at ¶ 21; R. Doc. 25-5 at ¶ 21.
[46] *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008).
[47] R. Doc. 58.
[48] *Id.* at 5.
[49] *See id.*

To determine whether an individual qualifies as an employee or an independent worker, the Court must consider the economic dependence of the individual.[50] The Fifth Circuit has enumerated five non-exhaustive factors to aid this determination: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.[51] "No single factor is determinative."[52]

Several courts in this district have conditionally certified collective actions that involved alleged misclassification of employees as independent contractors without first determining whether the individuals were indeed employees of the defendant.[53] "Importantly, lower courts have found that the FLSA's definition of employer is so broad that the case may proceed even where there exist threshold questions regarding employment status."[54] The Court "need not decide at this juncture the exact nature of the employment relationship."[55] While Defendants have "raised possibly legitimate questions about the employment status of [Plaintiffs] and the proposed class members, such an inquiry is better addressed at the decertification stage after discovery has occurred, when

---

[50] *Hopkins*, 545 F.3d at 343.
[51] *Id.*
[52] *Id.*
[53] *See, e.g., Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *8 (E.D. La. Nov. 6, 2013); *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *5–8 (E.D. La. June 13, 2013); *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *3 (E.D. La. Dec. 30, 2011). *See also Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 469–71 (S.D. Tex. 2012) ("The Court believes that the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification.").
[54] *Lang*, 2011 WL 6934607, at *3 (citing *Fernandes da Silva v. Royal Constr. of La., LLC*, No. 08-4021, 2009 WL 3565949 (E.D. La. Oct. 29, 2009); *Nobles v. State Farm Mutual Auto. Ins. Co.*, No. 10-04175, 2011 WL 3794021 (W.D. Mo. Aug. 25, 2011)).
[55] *Lang*, 2011 WL 6934607, at *3.

the court will be in a position to scrutinize all of the evidence in greater detail."[56] While the Court recognizes that Defendants may succeed in having this case decertified, the Court finds that Plaintiffs, at this time, have satisfied their lenient burden and have demonstrated "a reasonable basis for the allegation that a class of similarly situated persons may exist."[57]

The Court finds Plaintiffs have provided sufficient evidence at this stage to demonstrate a reasonable basis for finding that there exist aggrieved individuals who are similarly situated to the plaintiffs in relevant respects and that those individuals want to opt in to the lawsuit.[58] The plaintiffs each provided a sworn declaration asserting they were security guards employed by Defendant and "routinely" worked in excess of 40 hours per week without receiving overtime compensation as required under the FLSA. Each plaintiff declared that he is personally aware that other security guards who performed the same duties were classified as "independent contractors," worked in excess of 40 hours per week, and were not paid overtime.[59] Plaintiffs also provided payroll records to support their assertion that they were not paid overtime wages for hours worked in excess of 40 hours per week.[60] Plaintiffs essentially allege that Defendants' policy was to misclassify non-law enforcement security guards in order to circumvent the overtime-wage requirement of the FLSA. At this stage, courts generally consider whether potential plaintiffs were identified, whether affidavits or sworn declarations of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was

---

[56] *Prejean*, 2013 WL 5960674, at *8.
[57] *Lima*, 493 F. Supp. 2d at 798. *See White*, 2013 WL 2903070, at *6.
[58] *See Chapman*, 2015 WL 5089531, at *5; *Morales*, 2009 WL 2524601, at *2.
[59] R. Doc. 25-2 at ¶¶ 22–24; R. Doc. 25-3 at ¶¶ 22–24; R. Doc. 25-4 at ¶¶ 22–24; R. Doc. 25-5 at ¶¶ 22–24.
[60] *See, e.g.,* R. Doc. 57-8.

8

submitted[61] and "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ."[62] Plaintiffs' allegations and evidence of Defendants' generally applicable policy "are sufficient to satisfy the lenient standard for conditional certification at the notice stage."[63] Accordingly, conditional certification is appropriate.

## II. Form, Content, and Timing of Notice to be Given

The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity.[64] "These benefits, however, depend on employees' receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[65]

Plaintiffs have submitted a proposed notice form setting forth the scope of the litigation and informing putative class members of their rights[66] and the opt-in consent form that putative class members may sign and return in order to opt in to this case.[67] After Plaintiffs narrowed the scope of their class definition in their supplemental memorandum, Plaintiffs did not submit revised notice and consent forms to reflect the collective class proposed therein. Accordingly, Plaintiffs shall revise their proposed notice and consent forms to reflect the class definition approved by this order.

Plaintiffs request that the Court authorize the distribution of the notice and

---

[61] *Lima*, 493 F. Supp. 2d at 798.
[62] *Mooney*, 54 F.3d at 1214 n.8 (quoting *Sperling*, 118 F.R.D. at 407). *See also Skelton*, 994 F. Supp. 2d at 787.
[63] *Prejean*, 2013 WL 5960674, at *8.
[64] *See Hoffmann-LaRoche*, 493 U.S. at 170.
[65] *Id.*
[66] R. Doc. 25-6.
[67] R. Doc. 25-7.

consent forms to the last known address of potential members of the collective class.[68] In order to facilitate notice, Plaintiffs request that the Court require Defendants to produce, within 14 days, a computer-readable database that contains the names of all potential class members and each potential member's last-known mailing address, email address, telephone number, and Social Security number.[69] Plaintiffs propose that, in order to opt in to the lawsuit, the potential members have 120 days after the date on which the notice and consent forms are mailed to postmark their consent forms.

Defendants do not oppose Plaintiffs' requests or their proposed notice and consent forms,[70] and several courts have approved similar requests.[71] Courts are reluctant, however, to require employers to provide Plaintiffs with potential class members' Social Security numbers.[72] This Court recognizes the significant privacy and security concerns inherent in disclosing potential class members' Social Security numbers and finds that "[a]ny need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers."[73] Accordingly, the Court will not order

---

[68] R. Doc. 25-1 at 16–17.
[69] *Id.* at 17.
[70] *See* R. Docs. 26, 58.
[71] *See, e.g., Prejean*, 2013 WL 5960674, at *1 (requiring Defendants to give Plaintiffs within 30 days "a computer-readable data file containing all potential opt-in plaintiffs' names *and* last known mailing *and* e-mail addresses" (emphasis in original)); *Williams*, 2006 WL 1235904, at *3 (approving opt-in period of 180 days from entry of the order and requiring defendant to provide plaintiffs with names, last-known addresses, and phone numbers of all potential opt-in plaintiffs within 26 days); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472, 482 (E.D. La. 2006) (approving opt-in period of 180 days from entry of the order and requiring defendants to provide plaintiffs with names, last-known addresses, and phone numbers of all potential opt-in plaintiffs within 16 days); *Camp v. Progressive Corp.*, No. 01-2680, 2002 WL 31496661 (E.D. La. Nov. 8, 2002) (approving opt-in period of 120 days from entry of the order).
[72] *See, e.g., Garcia v. TWC Admin., LLC*, No. 14-985, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015) (declining to order the defendant to provide plaintiffs' with the potential class members' Social Security numbers and explaining that, "[w]ith respect to Social Security numbers in particular, privacy and security concerns outweigh the interest in ensuring that notice is received at this stage"); *White*, 2013 WL 2903070, at *10 (declining to order the defendants to provide the plaintiffs with the last four digits of potential class members' Social Security numbers); *Humphries v. Stream Int'l, Inc.*, 2004 U.S. Dist. LEXIS 20465, at *12 (N.D. Tex. Feb. 13, 2004) (declining to order defendants to produce the last four digits of class members' Social Security numbers because "[t]his highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it").
[73] *Humphries*, 2004 U.S. Dist. LEXIS 20465, at *12.

Defendants to provide the Social Security numbers of potential class members. The Court otherwise grants Plaintiffs' unopposed requests.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Plaintiffs' motion to conditionally certify this matter as a collective action under the FLSA is **GRANTED**. The Court conditionally certifies this matter as a collective action with respect to all non-law enforcement personnel, who, since December 2011, previously worked or currently work for Defendants in the State of Louisiana as a security officer (guard) and were not paid a rate of time and one-half for overtime worked in excess of 40 hours in any week, regardless of classification as an independent contractor.

**IT IS FURTHER ORDERED** that Plaintiffs file a revised notice form and a revised opt-in consent form in accordance with this order by **July 7, 2016**.

**IT IS FURTHER ORDERED** that Defendants produce to Plaintiffs a computer-readable database with the names, last-known mailing addresses, email addresses, and telephone numbers of all potential class members by **July 13, 2016**.

**IT IS FURTHER ORDERED** that class members seeking to opt in to this case will have 120 days from the date on which the notice and consent forms are mailed to postmark their consent forms in order to opt in.

**New Orleans, Louisiana, this 29th day of June, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**