UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KOVIACH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2874** |
| **CRESCENT CITY CONSULTING, LLC, ET AL** | **SECTION: "E" (4)** |

## ORDER

Before the Court is a **Motion for Protective Order (R. Doc. 74) filed** by Plaintiffs seeking an order from the Court to limit Defendants' contact with current and former employees who might belong to the protective class and to take remedial measures to take corrective action. The motion is opposed. R. Doc. 77. The motion was submitted on September 28, 2016 and arguments were heard that same day. For the following reasons, the motion is **DENIED.**

**I.      Background**

This collective action was filed in the District Court on December 18, 2014 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") R. Doc. 1. The complaint was amended on May 22, 2015. R. Doc. 7. In particular, the Plaintiffs allege that they work/worked for the Defendants Crescent City Consulting and Marlon Defillo as security guards and were misclassified as independent contractors while they were in fact employees. R. Doc. 7, p. 6. Moreover, plaintiffs allege that they and similarly situated worked in excess of 40 hours per week but were not paid overtime. *Id.* at p. 4-5. Plaintiffs seek unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages. *Id.* at p. 3-4.

On June 29, 2016, the District Court granted the Plaintiffs' motion to conditionally certify the FLSA Collective Action Class as:

> [A]ll non-law enforcement personnel, who, since December 2011, previously worked or currently work for Defendants in the State of Louisiana as a security officer (guard) and were not paid a rate of time and one-half for overtime worked

> in excess of 40 hours in any week, regardless of classification as an independent contractor.

R. Doc. 62. The current op-in period expires on November 19, 2016. R. Doc. 71-1, p. 2.

At this time, Plaintiffs have filed a motion for protective order. R. Doc. 74. The Plaintiffs allege that the Defendants have been engaged in an effort to intimidate potential collective members to not participate in this matter through use of an "independent contractor agreement." R. Doc. 74-1, p. 1. In particular, the Plaintiffs state that the Defendants have been using the agreement to: refuse to provide works to persons seeking to enforce their rights; contact employees that have opted into this litigation; and/or forcing current and former security guards to sign an agreement by which they agree to be potentially liable for Defendants' attorneys' fees and costs should they opt-in to this litigation. *Id.* Plaintiffs have also requested that the Court allow the Plaintiffs to send a remedial text-message to the all putative class members who have been forced to sign the agreement. *Id.* In response, the Defendants argue that the facts alleged by the Plaintiffs as to intimidation are suspect; that the agreement is not an intimidation tactic but a standard contract clause; and that anyone placed on a "do not call list" was done so properly. R. Doc. 77.

**II.     Standard of Review**

Federal Rule of Civil Procedure 26(c) confers broad authority and discretion to the trial judge to determine when and the degree to which a protective order is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *In re LeBlanc*, 559 Fed. App'x 389, 392–93 (5th Cir. 2014). Federal Rule of Civil Procedure 26(c) provides "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

On the merits and scope of the protective order, the burden is upon the movant to show the necessity of a protection order. *In re Terra, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To show this necessity, the movant must lay out a "particular and specific demonstration of fact" rather than "stereotyped and conclusory statements." Compare *id.* at 306–07 (denying request protective order based on the fact that many fact witnesses were employees of defendant company and would be affected by their "camaraderie") *with Recinos-Recinos v. Express Forestry, Inc.*, No. Civ.A. 05-1355, 2006 WL 197030, at *11 (E.D.L.A. Jan. 24, 2006) (granting in part request for protective order based on admitted unilateral contact by Defendant's agent with potential plaintiffs about pending litigation). Finally, "the alleged harm must be significant, not a mere trifle." *David v. Signal Int'l, L.L.C.*, No. 08–1220, 2014 WL 2581319, at *1 (E.D.L.A. May 14, 2014) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

### III. Analysis

Plaintiffs have filed a motion for protective seeking an order from the Court to limit Defendants' contact with current and former employees who might belong to the protective class and to take remedial measures. R. Doc. 74. Plaintiffs argue that the Independent Contractor Agreement that the Defendants have forced their current and former employees to sign operate in a retaliatory and deterring force against employees that might seek to enforce their rights under the FLSA. R. Doc. 74-1, p. 2-3. The agreement states in pertinent part:

> This Agreement shall be governed by the laws of the State of Louisiana and the United States of America. If Contractor files a claim against Company in any court of law to declare any part or all of this contract to be null and void and/or for damages or breach of contract and Company prevails, Contractor agrees to pay all costs incurred by Contractor, including filing fees, attorneys' fees at the rate of $250 per hour, deposition costs, and copy costs. Should the Company file a claim or lawsuit for damages or breach of contract under the provisions of this agreement, Contractor agrees to pay all costs incurred by Company, including but not limited

> to filing fees, attorneys' fees at the rate of $250 per hour, deposition costs, and copy costs.

R. Doc. 74-2, p. 3 ¶ 11. Plaintiffs argue that this paragraph operates to make a party liable to Defendants should the FLSA action fail. R. Doc. 74-1, p. 8. In particular, the Plaintiffs argue that the paragraph is in violation of the FLSA's prohibition on retaliatory tactics. *Id.* Second, the Plaintiffs argue that the paragraph has an implicit threat of litigation against those who might opt-in and that a lawsuit initiated by the Defendants following the current case would make the Plaintiffs who sign the agreement liable to the Defendants for costs regardless of outcome. *Id.* at p. 9. Finally, Plaintiffs seek an order from the Court for a remedial message to be sent to all potential class members stating that any Plaintiff will not be liable for attorneys' fees and costs to the Defendants. *Id.* at p. 15.

Defendants appear to argue that the paragraph was not intended to be aimed at intimidation but was part of a standard form the Company drafted seeking to protect itself "after hearing horror stories about what happened to businesses [sic] entities not having contracts with independent contractors." R. Doc. 77, p. 5.

Despite the concerns the Court has about the impropriety of the agreement, the Plaintiffs' motion in regards to the substance of the agreement, its use, its enforceability in the instant litigation, or retaliation taken for not signing the agreement is not properly before the Court as a motion for protective order. Motions for protective order collective actions generally govern discovery and the communication between the parties. *See Recinos-Recinos*, 2006 WL 197030, at *8; *see also* Fed. R. Civ. P. 26(c)(1)(A)-(H) (identifying actions Court may take in granting motion for protective order). As such, to the extent that the Plaintiffs seek to have the contract clause declared void, stop Defendant from having current employees sign the contract, or send a message

stating that the contract clause is unenforceable, the Court will deny the motion at this time as improvidently filed as a motion for protective order.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Protective Order (R. Doc. 74)** is **DENIED.**

New Orleans, Louisiana, this 29th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**