UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KOVIACH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2874** |
| **CRESCENT CITY CONSULTING, LLC, ET AL** | **SECTION: "E" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File Second Amended Collective Action Complaint (R. Doc. 76)** filed by Plaintiffs seeking an order from the Court to allow the Plaintiffs to file a second amended complaint in order to add opt-in Plaintiff Noel DeBose as a named Collective Action Plaintiff and to assert his individual claim of retaliation in violation of the FLSA. The motion is opposed. R. Doc. 82. The motion was submitted on October 5, 2016. For the following reasons, the motion is **GRANTED.**

**I.   Background**

This collective action was filed in the District Court on December 18, 2014 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") R. Doc. 1. The complaint was amended on May 22, 2015. R. Doc. 7. In particular, the Plaintiffs allege that they work/worked for the Defendants Crescent City Consulting and Marlon Defillo as security guards and were misclassified as independent contractors while they were in fact employees. R. Doc. 7, p. 6. Moreover, plaintiffs allege that they and similarly situated worked in excess of 40 hours per week but were not paid overtime. *Id.* at p. 4-5. Plaintiffs seek unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages. *Id.* at p. 3-4.

On June 29, 2016, the District Court granted the Plaintiffs' motion to conditionally certify the FLSA Collective Action Class as:

> [A]ll non-law enforcement personnel, who, since December 2011, previously worked or currently work for Defendants in the State of Louisiana as a security

1

>officer (guard) and were not paid a rate of time and one-half for overtime worked in excess of 40 hours in any week, regardless of classification as an independent contractor.

R. Doc. 62. The current op-in period expires on November 19, 2016. R. Doc. 71-1, p. 2. Following the conditional certification, the District Court issued a scheduling order. R. Doc. 69. Importantly, that order set a deadline for the amendment of pleadings to be filed no later than September 12, 2016. *Id.* at p. 2.

At this time, the Plaintiffs have filed a Motion for Leave to File Second Amended Complaint. R. Doc. 76. In particular, the Plaintiffs seek to amend the complaint to name Noel DeBose as a named Collective Action Plaintiff and to assert his individual claims against the Defendant for wrongful termination in violation of the FLSA's anti-retaliatory provisions. *Id.* at p. 1. Plaintiffs assert that Mr. DeBose opted into the suit in August of 2015. R. Doc. 20. Plaintiffs further allege that Defendant DeBose was terminated after refusing to waive his right to seek overtime under the FLSA. R. Doc. 76-1, p. 4.

In response, the Defendants argue that the Plaintiffs already filed an amended complaint after receiving DeBose's signed form in May, 2015. R. Doc. 82, p. 2. Defendants appear to argue that the Plaintiffs have been dilatory in filing the amended complaint since they should have been aware of the facts being asserted now in May of 2015. *Id.* at p. 5.

## II.  Standard of Review

Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.   Analysis

Here, the Plaintiffs have filed a motion for leave to file a second amended complaint. R. Doc. 76. The Plaintiffs seek to add DeBose as a named Collective Action Plaintiff and to assert DeBose's individual claim of retaliation against the Defendant. *Id.* In response, the Defendants seem to argue that the Plaintiffs have been dilatory or unduly delayed the filing of this second amended complaint. R. Doc. 82, p. 6. As an initial matter, the Court notes that the Defendants' citation to Federal Rule of Civil Procedure 16(b)'s good cause standard for the amendment of a complaint after the deadline to do so as established by a scheduling order is inapposite. *See Filgueira v. United States Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir.2008)) ("Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'"). While the Defendants correctly point out that the District Court had previously set a deadline for amendments to pleadings for October 13, 2015 (R. Doc. 23, p. 1), the District Court rescheduled that deadline for

3

September 12, 2016. R. Doc. 69. The Plaintiffs originally filed this motion on September 7, 2016; and, after it was marked deficient by the Clerk's office, was refiled on September 12, 2016. As such, the Court finds the Plaintiffs' motion to be timely and therefore will evaluate the motion under the liberal standard of Rule 15 rather than the more stringent Rule 16(b) standard.

Applying the Rule 15 standard to the instant motion to amend, the Court finds that the motion should be granted for the following reasons. First, there is no evidence of undue delay, bad faith or dilatory motive on the part of the movant. The Defendants appear to argue that the Plaintiffs have unduly delayed the filing of the instant motion because the Plaintiffs have or should have been aware of the underlying facts now alleged in the amended complaint since May of 2015 R. Doc. 82, p. 3.  Nonetheless, the Plaintiffs have filed the instant motion within the timeframe established by the District Court. And, considering that a motion for leave to amend should only be denied for a "substantial reason," the Court does not find that there is any substantial evidence or circumstances to evince bad faith or dilatory motives on the part of the Plaintiffs.

Second, the Court does not find that the Plaintiffs have "repeated failures to cure deficiencies by amendments previously allowed." *Marucci Sports, LLC*, 751 F.3d at 378. The Plaintiffs have only amended the complaint once prior to this motion on May 22, 2015. R. Doc. 7. While the Defendants argue that the Plaintiffs were aware of DeBose's claims prior to that amendment, Mr. DeBose only signed the FLSA consent form two days prior to the filing of the amended complaint. R. Doc. 20-1. When considering whether there have been repeated failures to cure deficiencies by amendments previously allowed, courts in this circuit have considered how many previous amendments were attempted by the mover. *See U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir.2008); *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 377 (W.D.Tex.2013). Courts have found that one previous amendment does not amount to a

repeated failure to cure deficiencies by amendments previously allowed. *Mailing & Shipping Sys., Inc.*, 292 F.R.D. at 377. Similarly, here, the Plaintiffs' one previous amendment does not amount to repeated failure.

Third, the amendment will not unduly prejudice the Defendants. Under the District Court's scheduling order, the vast majority of deadlines are set for later in 2017, and discovery has not closed at this time. As such, the amended complaint does not necessitate the reopening of discovery or allow too little time for the Defendants to respond and prepare for the claims in the amended complaint. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (finding amendment is prejudicial where discovery would need to be reopened and where filed on second to last day of trial). Moreover, the amended complaint does not "fundamentally alter the nature of the case" so as to prejudice the Defendants. *Mayeaux v. Louisiana Health Servs. & Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Finally, the amendment is not futile. "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). The claims asserted by the Plaintiffs taken as a whole are plausible on the face of the complaint and "nudged [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, for the foregoing reasons, the Court finds that the Plaintiffs meet Rule 15's liberal standard to amend their complaint.

## IV.     Conclusion

Accordingly,

      **IT IS ORDERED** that Plaintiffs' **Motion for Leave to File Second Amended Collective Action Complaint (R. Doc. 76)** is **GRANTED**.

      New Orleans, Louisiana, this 5th day of October 2016.

      **KAREN WELLS ROBY**
      **UNITED STATES MAGISTRATE JUDGE**