UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES KOVIACH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2874** |
| **CRESCENT CITY CONSULTING, LLC, ET AL** | **SECTION: "E" (4)** |

**ORDER**

Before the Court is a **Motion for Protective Order Limiting Discovery to Representative Sample (R. Doc. 101)** filed by Plaintiffs seeking an order from the Court to limit Defendants' to the named Plaintiffs who comprise an allegedly sufficient representative sample of the class. The motion is opposed. R. Doc. 102. The motion was submitted on November 9, 2016. For the following reasons, the motion is **DENIED.**

**I.   Background**

This collective action was filed in the District Court on December 18, 2014 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") R. Doc. 1. The complaint was amended on May 22, 2015. R. Doc. 7. In particular, the Plaintiffs allege that they work/worked for the Defendants Crescent City Consulting and Marlon Defillo as security guards and were misclassified as independent contractors while they were in fact employees. R. Doc. 7, p. 6. Moreover, plaintiffs allege that they and similarly situated worked in excess of 40 hours per week but were not paid overtime. *Id.* at p. 4-5. Plaintiffs seek unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages. *Id.* at p. 3-4.

On June 29, 2016, the District Court granted the Plaintiffs' motion to conditionally certify the FLSA Collective Action Class as:

> [A]ll non-law enforcement personnel, who, since December 2011, previously worked or currently work for Defendants in the State of Louisiana as a security officer (guard) and were not paid a rate of time and one-half for overtime worked

in excess of 40 hours in any week, regardless of classification as an independent contractor.

R. Doc. 62. The current opt-in period expires on November 19, 2016. R. Doc. 71-1, p. 2.

At this time, Plaintiffs have filed a motion for protective order limiting discovery to a representative sample. R. Doc. 101. The Plaintiff states that the Defendants have propounded discovery request on nearly all of the opt-in plaintiffs in this case. R. Doc. 101-1, p. 2. The Plaintiff argues that the Defendants' discovery should be limited to the named Plaintiffs, who constitute a sufficient representative sample of the proposed FLSA class. Plaintiffs also argue that the individualized discovery is largely irrelevant and unduly burdensome.

In opposition, the Defendants argue that this motion is more properly before the District Judge, who is currently handling a motion for an injunction in this case. R. Doc. 102, p. 4. The Defendants also argue that the proposed discovery is relevant to their challenging the collective nature of the action. *Id.* at 9-10.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(c) confers broad authority and discretion to the trial judge to determine when and the degree to which a protective order is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *In re LeBlanc*, 559 F. App'x 389, 392–93 (5th Cir. 2014). Federal Rule of Civil Procedure 26(c) provides "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" On the merits and scope of the protective order, the burden is upon the movant to show the necessity of a protection order. *In re Terra, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Finally, the movant must also include a certification that the "movant has in good faith

conferred or attempted to confer with other affected parties in an effort to resolve the dispute." Fed. R. Civ. P. 26(c)(1).

### III. Analysis

Plaintiffs have filed a motion for protective seeking an order from the Court to limit discovery in this case to a representative sample, namely the named plaintiffs. R. Doc. 101. In particular, the Plaintiffs argue that the remedial and representative nature of FLSA collective action suits lend themselves to representative discovery in order to increase efficiency and conserve resources. R. Doc. 101-1, p. 7. Moreover, the Plaintiffs have pointed to a number of cases where courts have limited discovery to a representative sampling in FLSA cases. *Id.* at p. 8. Finally, the Plaintiffs argue that the fifteen percent sampling sized represented by the named plaintiffs is more than adequate in light of other cases. *Id.* at p. 10. In response, the Defendants argue that the individualized discovery is necessary for their challenging the similarly situated nature of the opt-in plaintiffs. R. Doc. 102, p. 10. The Defendants also aver that the small size of the class and the limited geographic scope weigh against the limiting of discovery here. *Id.* at p. 10-11.

The Plaintiffs state that there are approximately twenty-four (24) opt-in Plaintiffs to this action. R. Doc. 101-1, p. 2. While courts have limited discovery to a representative sample in a number of FLSA cases, those cases often involve more individuals than are involved currently. Looking at the cases cited by the Plaintiffs, the Court notes that those cases involved more individuals than the twenty-four here. *Fast v. Applebee's Int'l Inc.*, No. 06-4146, 2008 U.S. Dist. LEXIS 105159 (W.D. Mo. Dec. 31, 2008) (5,549 opt-in plaintiffs); *Reich v Homier Distr. Co.*, 362 F. Supp. 2d 1009 (N.D. Ind. 2005) (1,171); *McGrath v. City of Philadelphia*, No. 92-4570, 1994 WL 45162 (E.D. Pa. 1994) (4,100); *Adkins v. Mid-Am. Growers, Inc.*, 141 F.R.D. 466 (N.D. Ill. 1992) (more than 80); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224 (W.D.N.Y.

2006) (potentially 16,000); *Greer v. Challenge Fin. Investors Corp.*, No. 05-1109, 2007 WL 134174 (D.Kan. May 4, 2007) (256); *Belcher v. Shoney's Inc.,* 30 F. Supp. 2d 1010 (M.D. Tenn. 1998) (107); *Smith v. Lowes Home Ctrs.*, 236 F.R.D. 354 (S.D. Ohio 2006) (1,500); *Gentrup v. Renovo Servs., LLC,* No. 007-430, 2010 U.S. Dist. LEXIS 143203 (S.D. Ohio Aug. 17, 2010) (115). Additionally, a number of the sample sizes in the cases identified by the Plaintiffs contain more individuals than the number opt-in plaintiffs in this case. *See, e.g., Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (sample size of 51); *Smith*, 236 F.R.D. at 356-58 (sample size of 90).

The Court also notes that other courts have permitted discovery when the request are not unduly burdensome. *See, e.g., Renfro v. Spartan Computer Servs, Inc.,* No. 06-2284-KHV, 2008 U.S. Dist. LEXIS 24269 (D. Kan. Mar. 26, 2008) (permitting individualized discovery on over 100 plaintiffs). "Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." *Lloyd v. J.P. Morgan Chase & Co.*, 2015 U.S. Dist. LEXIS 35161, at *11-13 (S.D.N.Y. Mar. 20, 2015) (quotation omitted) (collecting cases demonstrating large number of opt-in plaintiffs needed for representative sampling). Here, the Court does not find that permitting discovery of the approximately twenty-four opt-in plaintiffs would be unduly burdensome or so inefficient as to justify representative sampling. The Plaintiffs have not therefore met its burden to demonstrate the necessity of such a protective order at this time. The Plaintiff's motion for protective order limiting discovery to a representative sample is therefore denied.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Protective Order Limiting Discovery to Representative Sample (R. Doc. 101)** is **DENIED.**

New Orleans, Louisiana, this 10th day of November 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5