UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES KOVIACH, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 14-2874 |
| CRESCENT CITY CONSULTING,<br>LLC, ET AL.,<br>    Defendants | SECTION "E" |

## ORDER AND REASONS

Before the Court is the Joint Motion to Approve Settlement and Dismiss the Case filed by named Plaintiffs Charles Koviach and Henry McCathen, and Defendants Crescent City Consulting, LLC and Marlon Defillo.[1] For the reasons below, the motion is **GRANTED**.

## BACKGROUND

This is a collective action filed by Plaintiffs Charles Koviach, Henry McCathen, Jr., and Phillip Thomas (collectively, "Plaintiffs") under the Fair Labor Standards Act of 1938 ("FLSA").[2] Plaintiffs filed this suit on December 18, 2014, on behalf of themselves and all other similarly situated individuals who were employed as security officers by Defendant Crescent City Consulting, LLC ("Crescent City").[3] Defendant Marlon Defillo is the president of Crescent City.[4] Plaintiffs allege Defendants failed to pay overtime wages for time Plaintiffs worked in excess of forty hours per week in violation of the FLSA.[5]

---

[1] R. Doc. 145.
[2] 29 U.S.C. § 201 *et seq.*
[3] R. Docs. 7, 57, 93.
[4] R. Doc. 26-1 at ¶ 2.
[5] R. Doc. 93.

1

Plaintiffs allege Defendants failed to comply with the law "by implementing a management policy, plan, or decision that intentionally provided for the compensation of Plaintiffs and FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§ 201 through 219, disregarding the fact that they were not exempt."[6] Plaintiffs further allege Defendants did not maintain proper time records as mandated by the FLSA.[7] Plaintiffs seek to recover unpaid overtime wages, liquidated damages, statutory penalties, and attorney's fees and costs.[8]

On August 8, 2017, the parties met for a settlement conference; negotiations were successful and a settlement was reached.[9] On August 9, 2017, counsel for all parties advised the Court that they had firmly agreed upon a compromise in this matter.[10] On September 27, 2017, the parties submitted the proposed settlement agreement to the Court for *in camera* review in a joint motion to approve settlement and dismiss the case with prejudice.[11]

**STANDARD OF LAW**

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[12] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[13] The Court must

---

[6] *Id.* at ¶ 67.
[7] *Id.* at ¶ 62.
[8] *Id.* at ¶ 20.
[9] R. Doc. 140.
[10] R. Doc. 141.
[11] *See* R. Docs. 142, 142-1, 145.
[12] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[13] *Id.* at 719.

scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[14]  When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[15]

## ANALYSIS

I.   BONA FIDE DISPUTE

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the defendant's liability under the FLSA,"[16] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[17]  This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[18]

The Court finds that a bona fide dispute exists between the parties regarding whether Crescent City has violated the FLSA.  In *Akins v. Worley Catastrophe Response*, another section of this Court explained that a bona fide dispute exists where the parties disagree on "hours worked or compensation due" and engage in "aggressive prosecution and strenuous defense."[19]  Plaintiffs have alleged that Crescent City violated the FLSA with regard to Plaintiffs' hours and compensation,[20] and Crescent City has raised several affirmative defenses, including that it at all times acted in good faith.[21]  From the outset,

---

[14] *See id.*
[15] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).
[16] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[17] *Collins*, 568 F. Supp. 2d at 719.
[18] *Allen*, 2016 WL 614687, at *1.
[19] *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[20] R. Doc. 93.
[21] R. Doc. 103 at 4–5. *See also Domingue*, 2010 WL 1688793, at *1.

Crescent City contested Defendants' class certification, arguing they were not Crescent City employees, but rather independent contractors.[22] Both parties disagree about Plaintiffs' employment and other issues relevant to Crescent City's liability, including duration of employment, hours worked, whether Plaintiffs were entitled to overtime wages, and whether Crescent City is an "enterprise" "engaged in interstate commerce."[23] Additionally, before the parties reached an agreement, the case was set for a four-day bench trial to begin on October 2, 2017, and the parties completed discovery on July 12, 2017.[24] The Court finds the matter involved "both aggressive prosecution and strenuous defense" and thus a bona fide dispute exists.[25]

II.   FAIR AND REASONABLE

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[26] Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[27] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class

---

[22] R. Doc. 26 at 4–5.
[23] *See, e.g.*, R. Doc. 135-3.
[24] R. Doc. 69.
[25] *See Atkins*, 2014 WL 1456382, at *2.
[26] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). *See also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).
[27] *Collins*, 568 F. Supp. 2d at 722.

representatives, and absent class members.[28]

### A. Application of the Factors

#### 1. *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[29] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[30] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[31] The Court has found no indication of fraud or collusion. Since this action was filed in 2014, the parties have engaged in extensive discovery and motions practice.[32] The Court finds the parties engaged in good-faith negotiations to resolve this matter amicably.[33] Factor One indicates the settlement is fair and reasonable.

#### 2. *The complexity, expense, and likely duration of the litigation*

The instant case has been pending for more than two years, and before the Court continued it, a five-day bench trial was set to begin on June 20, 2016.[34] As the trial has already been pending for more than fifteen months and the contested motions indicate that there were numerous unresolved issues, the Court finds the second factor indicates the settlement is fair and reasonable.

#### 3. *The stage of the proceedings and the amount of discovery completed*

A court will consider how much formal discovery has been completed for two

---

[28] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[29] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[30] *Akins*, 2014 WL 1456382, at *2.
[31] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[32] *See* R. Docs. 38, 39, 41, 86, 95, 99, 101, 135.
[33] R. Docs. 142, 145.
[34] *See* R. Docs. 23, 69.

5

reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[35]

At this stage of the proceedings, the parties completed discovery on July 12, 2017;[36] they each submitted witness and exhibit lists.[37] Thus, the Court finds the parties are sufficiently familiar with the facts to reach a fair settlement.[38] Factor Three indicates the settlement is fair and reasonable.

### 4. *The probability of the plaintiff's success on the merits*

It is uncertain at this point whether Plaintiffs would be successful at trial. Defendants have provided a series of affirmative defenses, including that Plaintiffs did not receive employee benefits and there was no withholding of pay for tax purposes.[39] Moreover, the nature of Plaintiffs' employment remains a key dispute. Crescent City maintains that Plaintiffs cannot claim unpaid wages as "independent contractors" because they were not employees of Crescent City.[40] In opposition, Plaintiffs point to several documents supporting their assertion that they were in fact employees, entitling them to overtime wages.[41]

The Court finds that given the numerous unresolved disputes between the parties

---

[35] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[36] R. Doc. 69.
[37] R. Docs. 131, 132, 133.
[38] For example, "after ample discovery, Plaintiffs determined that [three plaintiffs] did not work overtime hours and were thus ineligible for the class and their claims were dismissed without prejudice." R. Doc. 145-1 at 2, ¶ 9.
[39] *See* R. Doc. 103 at 5.
[40] R. Doc. 103 at 4–5.
[41] R. Doc. 135.

and the stage at which this litigation remains, it is unclear whether Plaintiffs would be meritorious. This factor indicates the settlement is fair and reasonable.

### 5. *The range of possible recovery*

The confidential settlement agreement details the agreed-upon settlement amount. The settlement amount was based on a negotiated number of overtime hours that Plaintiffs allegedly worked but for which they were not paid overtime. The Court finds that the agreed-upon amount is within a range of possible recovery and thus indicates the settlement is fair and reasonable.[42]

### 6. *The opinions of class counsel, class representatives, and absent class members*

In this case, both parties jointly seek judicial approval and state that the settlement agreement addresses a bona fide dispute and is negotiated in good faith. Both parties are represented by counsel. The parties negotiated a settlement agreement before the magistrate judge and submitted their proposed agreement for *in camera* review by the Court.[43] The Court finds the final factor indicates the settlement is fair and reasonable.

### B. Conclusion

All six of the factors indicate the proposed settlement is fair and reasonable. Accordingly, the Court finds the proposed settlement agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court finds the settlement agreement is both premised on a bona fide dispute and fair and reasonable.

Accordingly;

---

[42] *See Collins*, 568 F. Supp. 2d at 726–27.
[43] R. Docs. 142, 145.

**IT IS ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the parties' confidential settlement agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in accordance with the terms of the confidential settlement agreement, each party to bear its own attorneys' fees and costs except as provided in the Confidential Settlement Agreement. The Court shall retain jurisdiction to address any disputes between the parties regarding the Settlement Agreement.

New Orleans, Louisiana, this 2nd day of October, 2017.

*[Signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**